UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT JOSEPH BATES,<br><br>         Petitioner,<br><br>v.<br><br>DANIEL A. PARAMO, Warden,<br><br>         Respondent. | Case No.: 18cv1563-MMA(MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER: (1) DENYING RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE AND (2) FINDING MIXED PETITION AND ISSUING OPTIONS ORDER IN LIEU OF DISMISSAL**<br>**[ECF NO. 12]** |

  This Report and Recommendation is submitted to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On July 9, 2018, Petitioner Gilbert Joseph Bates, a state prisoner proceeding pro se, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by filing his Petition for Writ of Habeas Corpus. (Pet., ECF No. 1.) On July 31, 2018, Petitioner filed his First Amended Petition for Writ of Habeas Corpus, the operative pleading in this case. (First Am. Pet., ECF No. 5.)

  Currently before the Court is Respondent's "Motion to Dismiss Petition for Writ of Habeas Corpus," (Mot. Dismiss, ECF No. 12-1 ("Mot. Dismiss")), and Petitioner's

1

opposition to the motion, (Opp'n, ECF No. 16 ("Opp'n")). The Court has considered the First Amended Petition, Respondent's Motion to Dismiss, Petitioner's Opposition, and all other documents submitted by the parties. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. In lieu of immediate dismissal, the Court **RECOMMENDS** that Petitioner be advised of the options available to him with regard to a mixed petition, and that Petitioner be given an opportunity to select one of the following options: (1) demonstrate exhaustion; (2) voluntarily dismiss the First Amended Petition; (3) formally abandon his unexhausted claims; or (4) file a motion to stay the federal proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Petitioner pleaded guilty to one count of corporal injury to a cohabitant resulting in a traumatic condition, (Cal. Pen. Code § 273.5(a)), admitted suffering two strike priors, (Cal. Pen. Code § 667(b)-(i)), and stipulated to a sentence of 25 years to life imprisonment. (Lodgment 2 at 2; see also Lodgment 1 at 6.) In 2006, the court imposed the stipulated sentence. (Lodgment 1 at 6-7.)

On November 7, 2012, Proposition 36, also known as the Three Strikes Reform Act of 2012, became effective and modified California's Three Strikes law as it applies to certain third-strike indeterminate sentences. See Cal. Pen. Code § 1170.126. Proposition 36 created a post-conviction release mechanism for prisoners serving an indeterminate life sentence imposed under the Three Strikes law for a crime that is not a serious or violent felony to request the sentence be recalled and petitioner resentenced as a second strike offender, unless resentencing would pose an "unreasonable risk or danger to the public safety." See id.; People v. Valencia, 3 Cal. 5th 347, 350 (2017); People v. Yearwood, 213 Cal. App. 4th 161, 167-68 (Cal. Ct. App. 2013).

On March 25, 2013, Petitioner filed a petition to recall his sentence pursuant to Proposition 36 in the San Diego County Superior Court. (See Lodgment 1 at 7; see also Lodgment 2 at 2.) The trial court found Petitioner eligible for resentencing, but denied

his petition after determining that resentencing Petitioner would constitute an "unreasonable risk of danger to public safety." (Id.)

On March 3, 2015, Petitioner appealed to the California Court of Appeal. (Lodgment 1.) Petitioner alleged that the trial court abused its discretion when it found that he presented an unreasonable risk to public safety. (Id. at 11-40.) Petitioner also argued that he was entitled to a new hearing and the opportunity to demonstrate that he does not meet the test of an "unreasonable risk of danger to public safety" as established by Proposition 47. (Id. at 41-49.) The California Court of Appeal affirmed the judgment on July 16, 2015. (Lodgment 2.) On August 5, 2015, the California Court of Appeal issued an "Order Modifying Opinion and Denying Rehearing [No Change in Judgment]." (Lodgment 3, Appendix B.) The order replaced one sentence in the court's August 5, 2015 order, but expressly stated that "[t]here is no change in judgment." (Id.)

On August 25, 2015, Petitioner filed a petition for review in the California Supreme Court, raising the same two claims he raised in the California Court of Appeal. (See Lodgment 3 at 7-42; see also Lodgment 1 at 11-49.) Because the second issue regarding Proposition 47's impact on Proposition 36 was pending in the California Supreme Court in a different case, the court initially granted Petitioner's petition, but ordered any further action deferred until the resolution of the pending issue.[1] (Lodgment 4.) On November 29, 2017, after the California Supreme Court resolved the issue unfavorably to Petitioner, it dismissed his petition for review. (Lodgment 5.)

---

[1] Specifically, the California Supreme Court stated the following:

> The petition for review is granted. Further action in this matter is deferred pending consideration and disposition of a related issue in People v. Chaney, S223676, and People v. Valencia, S223825 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court. Submission of additional briefing, pursuant to California Rules of Court, rule 8.520, is deferred pending further order of the court.

(Lodgment 4.)

On July 31, 2018, Petitioner filed his First Amended Petition for Writ of Habeas Corpus. (First Am. Pet., ECF No. 5.) In its August 10, 2018 order, the Court required Respondent to file a motion to dismiss or an answer to the First Amended Petition by October 12, 2018, and Petitioner to file his opposition or traverse by November 12, 2018. (Order 2, ECF No. 6.) On October 4, 2018, Respondent moved for an extension of time to respond to the First Amended Petition. (Mot. Extension Time, ECF No. 8.) United States Magistrate Judge Jill L. Burkhardt granted the motion and ordered Respondent to file a motion to dismiss or an answer by November 13, 2018, and Petitioner to file his opposition or traverse by December 14, 2018. (Order 2, ECF No. 9.) On November 6, 2018, the case was transferred to United States Magistrate Judge Michael S. Berg. (Order Transfer, ECF No. 11.)

Respondent timely filed a Motion to Dismiss, arguing that the First Amended Petition contains both exhausted and unexhausted claims, and Petitioner's only exhausted claim fails to raise a cognizable federal question. (See Mot. Dismiss.) On February 24, 2019,[2] Petitioner constructively filed a document titled "Notice of Motion for [E]xtension of [T]ime to [F]ile." (Mot. Extension Time, ECF No. 14.) In the filing, Petitioner provided a letter from his state appellate counsel indicating that the one-year statute of limitations to present his federal claims in this Court expired on February 27, 2019. (Id. at 3-4.)

On March 14, 2019, the Court issued an order noting that "[a]lthough not entirely clear, Petitioner may be requesting an extension of time to file an Opposition to Respondent's Motion to Dismiss, or he may be requesting an extension of time to exhaust state court remedies as to his unexhausted claims." (Order 2, ECF No. 15.) In

---

[2] Petitioner is entitled to the benefit of the "mailbox rule," which provides that documents filed by prisoners are constructively filed as of the date they are handed to prison authorities for mailing to the court. Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). Petitioner signed his "Motion for an Extension of Time" on February 24, 2019, (Mot. Extension Time 2, ECF No. 14), and the envelope transmitting it to the Court was postmarked February 25, 2019, (id. at 5).

the order, the Court granted Petitioner leave to file his opposition or a motion for stay and abeyance by April 26, 2019. (Id. at 2, 4-5.) On April 9, 2019, Petitioner constructively filed an "Opposition to Respondent[']s Motion to Dismiss Filed March 14th 2019." (Opp'n.)

## II. LEGAL STANDARD

A federal court may not consider a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review, though presentation to the state supreme court alone may suffice. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Claims are not exhausted by mere presentation to the state appellate system. To properly exhaust state court remedies, a petitioner must allege in state court how one or more of his or her federal rights have been violated. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). A petitioner may indicate a federal claim by "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32. If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. See Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 ("[W]e hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total exhaustion" rule even after enactment of AEDPA).

///

## III. DISCUSSION

**A.  First Amended Petition Contains Unexhausted Claims**

Respondent asserts that Petitioner is raising at least six claims in his First Amended Petition, but only one of those claims, the claim alleging that the trial court abused its discretion when it found that Petitioner presented an unreasonable risk to public safety and denied his petition for resentencing under Proposition 36, was included in Petitioner's petition for review filed in the California Supreme Court. (Mot. Dismiss at 5-6.)  Respondent further claims that Petitioner's "other five claims were never presented to state courts." (Id. at 6.)  Respondent contends that because the First Amended Petition contains exhausted and unexhausted claims, it is a "mixed" petition that should be dismissed without prejudice. (Id. at 5-6.)  Respondent also argues that Petitioner's only exhausted claim is not cognizable on federal habeas corpus review because it alleges that state court erred under state law. (Id. at 6-9.)  Petitioner does not make any arguments regarding exhaustion.[3]

As noted above, Petitioner appealed his conviction to both the California Court of Appeal and California Supreme Court. (See Lodgments 1 & 3.)  He raised two claims before the California Court of Appeal and the California Supreme Court claiming that: (1) the trial court abused its discretion when it found that Petitioner presented an unreasonable risk to public safety, and (2) Petitioner was entitled to a new hearing and

---

[3] The Court notes that in his First Amended Petition, Petitioner states that he filed a collateral challenge to his conviction in the California Superior Court, California Court of Appeal, and the California Supreme Court, and lists the following case numbers: SCD192318, D065983, and S228870. (First Am. Pet. 3-4, ECF No. 5.)  The case numbers listed by Petitioner, D065983 and S228870, represented his respective filings on direct appeal in the California Court of Appeal and the California Supreme Court. (See id. at 2-3; see also id. at 6.).  Accordingly, it appears that Petitioner is conflating his direct appeal with a collateral appeal; and there is no evidence before the Court indicating that Petitioner filed any additional appeals, other than the filings referenced above, raising claims at issue in his First Amended Petition in the California Court of Appeal or California Supreme Court.

the opportunity to demonstrate that he does not meet the test of an "unreasonable risk of danger to public safety" as established by Proposition 47. (See Lodgment 1 at 11-49; Lodgment 3 at 7-42.) In his First Amended Petition, "Ground One," Petitioner raises the following claims: (1) the trial court abused its discretion when it found that Petitioner presented an unreasonable risk to public safety and denied his petition for resentencing under Proposition 36, (First Am. Pet. 6-8, ECF No. 5); (2) the trial judge was biased and "display[ed an] . . . abuse of authority," (id. at 7-8, 12); (3) Petitioner's 2006 guilty plea should be invalidated because it was predicated on assurances from his attorney that Petitioner would receive the benefit of any future ameliorative change to the Three Strikes sentencing scheme, (id. at 6-9); (4) Petitioner was not adequately advised of his statutory right to withdraw his plea in violation of California Penal Code section 1192.5, (id. at 8-9); (5) "the Three Strikes law is unconstitutional, vague in its language, and new guidelines and provisions have been made in determining what is a strikable offense and the necessary procedure[] in making that determination," (id. at 10); and (6) Petitioner's current sentence violates Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because the trial court's determination that Petitioner's prior convictions involved violence and/or its determination that Petitioner posed an unreasonable risk to public safety constitutes facts in aggravation that required a jury determination, (id. at 10-11).

Claim 1 in the First Amended Petition was presented to the California Supreme Court and is exhausted. Claims 2 through 6, however, were not fairly presented to the California Supreme Court and are unexhausted. Accordingly, because the First Amended Petition contains both exhausted and unexhausted claims, it is a "mixed" federal habeas petition, which the Court may not consider. See Rose, 455 U.S. at 522; see also id. at 515 ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act[.]"); see also King v. Giurbino, 225 F. App'x 623, 624 (9th Cir. 2007) (quoting Jefferson v. Budge, 419 F.3d 1013, 1015 (9th Cir. 2005)) (finding that "[t]he district court erred in dismissing the petition without first giving [petitioner] 'the choice of exhausting

his unexhausted claims by returning to state court, or abandoning those claims and pursuing the remaining exhausted claims in federal court.'"); see also Anderson v. Morrow, 371 F.3d 1027, 1036 (9th Cir. 2004) ("AEDPA's exhaustion requirement entitles a state to pass on a prisoner's federal claims before the federal courts do so.").

**B.  Petitioner's Options**

To avoid the Court dismissing the First Amended Petition, it is **RECOMMENDED** that Petitioner choose one of the following options.

### 1.  First option: demonstrate exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted all claims, including Claims 2 through 6, contained in the First Amended Petition.

### 2.  Second option: voluntarily dismiss the First Amended Petition

Petitioner may move to voluntarily dismiss the First Amended Petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who filed a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims[.]"). Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. See Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d). Absent some basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. See Duncan, 533 U.S. at 181-82; 28 U.S.C. § 2244(d); see also Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001).

### 3.  Third option: formally abandon unexhausted claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted claim(s). See Rose, 455 U.S. at 510 (stating that a petitioner who files a mixed petition may "resubmit[ ] the habeas petition to present only exhausted claims to

8

the district court."). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.

### 4. Fourth option: file a motion to stay the federal proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. See Jackson v. Roe, 425 F.3d 654, 659-60 (9th Cir. 2005); Valerio v. Crawford, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc). The two methods to stay the case are the "stay and abeyance" and "withdrawal and abeyance" procedures.

Under the "stay and abeyance" procedure, a district court has discretion to stay a "mixed" federal habeas petition, while the petitioner returns to state court to exhaust the unexhausted claims without losing his right to federal habeas review due to the relevant one-year statute of limitations. Rhines, 544 U.S. at 273-78. Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims. See id. at 277. The "stay and abeyance" procedure is available only in "limited circumstances" when the following three conditions are met: (1) the petitioner demonstrates "good cause" for failing to first exhaust his claims in state court; (2) the unexhausted claims potentially have merit; and (3) there is no indication that petitioner intentionally engaged in dilatory litigation tactics. Id. at 277-78; see also Mitchell v. Valenzuela, 791 F.3d 1166, 1171 (9th Cir. 2015) (same). The procedure allows petitioner's "mixed" petition to remain in federal court during the pendency of the state courts' collateral review of the petitioner's claims. See Rhines, 544 U.S. at 277.

Alternatively, a "mixed" federal petition may be stayed pursuant to "withdrawal and abeyance" procedure outlined in Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing

petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). The petitioner is allowed to amend his newly-exhausted claims back into his federal petition only if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending federal petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 664. Petitioner is advised that a stay under Kelly does not toll AEDPA's limitations period with respect to unexhausted claims. King, 564 F.3d at 1140-42.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation; (2) **DENYING** Respondent's Motion to Dismiss **WITHOUT PREJUDICE**; (3) finding the Petition contains both exhausted and unexhausted claims, and (4) that Petitioner be sent an Order specifying his options with regard to a mixed petition.

The Court further **RECOMMENDS** that the District Judge notify Petitioner that if he does not inform the Court within thirty days of the District Judge's final order on this Report and Recommendation of how he intends to proceed, the Court will recommend to the District Judge assigned to the case that the Petition be dismissed without prejudice.

**IT IS ORDERED** that no later than **July 26, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 9, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

Dated:  July 5, 2019

Honorable Michael S. Berg
United States Magistrate Judge