UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT JOSEPH BATES,<br><br>                            Petitioner,<br><br>v.<br><br>DANIEL A. PARAMO, WARDEN,<br><br>                            Respondent. | Case No.: 3:18-cv-1563-MMA-AHG<br><br>**ORDER SETTING BRIEFING SCHEDULE RE: CLAIM ONE OF THE PETITION** |

On July 31, 2018, Petitioner Gilbert Joseph Bates ("Petitioner"), proceeding *pro se* and *in forma pauperis*, submitted his First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which raised six claims. ECF No. 5. On November 9, 2018, Respondent Daniel A. Paramo ("Respondent") filed his Motion to Dismiss. ECF No. 12. On August 16, 2019, the Court denied Respondent's motion without prejudice, finding that Petitioner had filed a mixed petition, i.e., containing both exhausted and unexhausted claims. ECF Nos. 17, 22. Thereafter, the Court set a briefing schedule for Petitioner to file a motion for stay and abeyance regarding his unexhausted claims. ECF Nos. 24, 27. On March 26, 2020, Petitioner filed a motion to voluntarily dismiss the unexhausted claims (claims 2, 3, 4, 5, and 6), which the Court granted. ECF Nos. 29, 30. Thus, only Claim 1 remains. *See* ECF No. 5 at 6–8 (in Claim 1, Petitioner argues that the trial court abused its discretion when it found that Petitioner presented an unreasonable risk to public safety and

1

denied his petition for resentencing under Proposition 36).

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of Claim 1 of the First Amended Petition, **IT IS ORDERED** that:

1. If Respondent contends that Claim 1 of the First Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **June 2, 2020**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted. At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is not required for the motion to dismiss.

2. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **July 6, 2020**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion. If Plaintiff does not wish to oppose Defendant's Motion, Plaintiff should file and serve a "Notice of Non-Opposition" also by July 6, 2020 to let the Court know that Defendants' Motion is unopposed. Plaintiff is cautioned that failure to file an opposition to any motion by the deadline ordered may constitute a consent to the granting of the motion. CivLR 7.1(f)(2)(b).

3. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

4. If Respondent does not contend that Claim 1 of the First Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, as well as points and authorities in support of such answer, no later than **June 2, 2020**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **July 6, 2020**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and disregarded by

the Court.

9. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 1, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge