1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT JOSEPH BATES,<br><br>                              Petitioner,<br><br>v.<br><br>DANIEL A. PARAMO,<br><br>                              Respondent. | Case No.:  18cv1563 MMA (AHG)<br><br>**ORDER:**<br><br>**(1) DENYING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS [ECF No. 5]**<br><br>**(2) DENYING REQUEST FOR EVIDENTIARY HEARING, AND**<br><br>**(3) DENYING A CERTIFICATE OF APPEALABILITY** |

        Gilbert Joseph Bates ("Petitioner") is a state prisoner proceeding pro se and in forma pauperis with a First Amended Petition ("FAP") for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254.  (ECF No. 5.)  Petitioner claims he is in custody in violation of the federal constitution arising from the denial of his Proposition 36 resentencing petition with respect to his 2006 sentence imposed following his conviction in San Diego Superior Court case number SCD192318.  (*Id.* at 1-2.)  On June 23, 2006, Petitioner was sentenced to a stipulated sentence of 25 years to life in state prison under California's Three Strikes Law after a guilty plea to corporal injury to a spouse/domestic partner and admitting to having

two strike priors.  (ECF No. 5 at 2; *see also* Lodgment No. 10, ECF No. 33-5 at 9-11, 27-33.)

After Proposition 36 passed by California voter initiative in 2012, Petitioner unsuccessfully sought recall of his indeterminate life sentence and resentencing to a determinate sentence under the newly enacted California Penal Code § 1170.126.  (*See* Lodgment No. 10, ECF No. 33-5 at 34-50, ECF No. 33-6 at 1-42.)  In the sole claim remaining in the FAP, Petitioner contends that the trial court abused its discretion in finding he would present an unreasonable risk to public safety as the basis for denying his petition for recall and resentencing, violating his right to federal due process and requiring remand, and alternatively argues that he is entitled to a new hearing based on the change in law to the definition of unreasonable risk to public safety pursuant to Proposition 47.  (ECF No. 5 at 6-12, 21-74.)  Respondent has filed an Answer to the FAP and has lodged portions of the state court record.  (ECF Nos. 32, 33, *see also* ECF No. 13.)  Respondent maintains that habeas relief is unavailable because (1) Petitioner's claim fails to present a cognizable federal question and (2) even if the claim presents a federal question, the state court adjudication is objectively reasonable.  (ECF No. 32 at 2.)  On July 14, 2020, Petitioner filed a Traverse.  (ECF No. 36.)  Petitioner requests an evidentiary hearing.  (ECF No. 5 at 12; *see also* ECF No. 36 at 5.)

For the reasons discussed below, the Court **DENIES** the FAP, **DENIES** Petitioner's request for an evidentiary hearing, and **DENIES** Petitioner's request for a Certificate of Appealability.

## I.   PROCEDURAL HISTORY

In an Information filed August 4, 2005, Petitioner was charged with three counts arising from events occurring on or about July 10, 2005, including one count of corporal injury to spouse and/or roommate in violation of Cal. Penal Code § 273.5 and two counts of false imprisonment by violence, menace, fraud and deceit in violation of Cal. Penal Code §§ 236 and 237(a).  (Lodgment No. 10, ECF No. 33-5 at 5-6.)  It was alleged he had two

prior felony convictions, suffered July 30, 1996 and January 3, 2001, which constituted probation denial priors, prison priors, and strike priors.  (*Id.* at 6-7.)

On February 21, 2006, Petitioner entered a guilty plea to one count of corporal injury to spouse and/or roommate in violation of Cal. Penal Code § 273.5 and admitted he had suffered two prior strike convictions under Cal. Penal Code §§ 667(b)-(i) and 1170.12 pursuant to a plea agreement reflecting as follows: "Balance to be dismissed.  Pursuant to '3 strikes' law parties stipulate sentence is 25 years to life in prison."  (Lodgment No. 10, ECF No. 33-5 at 9-11, 27-33, ECF No. 33-8 at 6; *see also* Lodgment No. 11, ECF No. 33-9.)  On June 23, 2006, the trial court imposed the stipulated sentence of 25 years to life.  (Lodgment No. 10, ECF No. 33-5 at 27-33, ECF No. 33-8 at 7; *see also* Lodgment No. 11, ECF No. 33-10.)

On March 25, 2013, Petitioner filed a Three Strikes Lifer Petition for Sentence Recall pursuant to Cal. Penal Code § 1170.126.  (Lodgment No. 10, ECF No. 33-5 at 34-50, ECF No. 33-6 at 1-42); *see People v. Johnson*, 61 Cal. 4th 674, 679-80 (Cal. 2015) ("[I]n 2012, the electorate passed Proposition 36. The Act authorizes prisoners serving third-strike sentences whose 'current' offense (i.e., the offense for which the third-strike sentence was imposed) is not a serious or violent felony to petition for recall of the sentence and for resentencing as a second-strike case."), citing Cal. Penal Code §§ 1170.126 (f), 667 (e)(1), and 1170.12(c)(1).  The People filed an opposition, conceding Petitioner's eligibility but arguing resentencing relief was inappropriate based on an unreasonable risk to public safety.  (Lodgment No. 10, ECF No. 33-6 at 43-50, ECF No. 33-7 at 1-3.)  Petitioner also filed additional supporting documents and memoranda in support of the petition.  (Lodgment No. 10, ECF No. 33-7 at 4-50, ECF No. 33-8 at 1-3.)  The trial court held a hearing on May 8, 2014 and denied the petition.  (Lodgment No. 11, ECF No. 33-11.)

On appeal to the California Court of Appeal, Petitioner argued, as he does in Claim One of the instant FAP, that the trial court abused its discretion and violated federal due process in finding he would present an unreasonable risk to public safety and that he was entitled to a new hearing to demonstrate he did not present an unreasonable risk to public

safety pursuant to the definition of that term as established by Proposition 47, which had been passed several months after the denial of his Proposition 36 petition. (*See* generally Lodgment No. 1, ECF No. 13-1.)  In an order filed on July 16, 2015, the state appellate court rejected Petitioner's contentions and affirmed the order denying his petition for recall and resentencing, concluding the trial court's rejection of his Proposition 36 petition was reasonable and the trial court did not abuse its discretion in its denial, and even assuming the Proposition 47 definition of unreasonable risk to public safety applied to petitions filed pursuant to Proposition 36, the definition would not apply in the instant case because his petition was heard and decided prior to the effective date of Proposition 47. (Lodgment No. 2, ECF No. 13-2 at 13, 21.)  In an order dated August 5, 2015, the state appellate court modified the opinion and denied a petition for rehearing, with no change in judgment. (Lodgment No. 9, ECF No. 33-4.)

Petitioner filed a petition for review in the California Supreme Court, again raising the same arguments previously raised in the state appellate court. (Lodgment No. 3, ECF No. 13-3.)  The state supreme court initially granted review and deferred further action pending the outcome of two related cases concerning the Proposition 47 aspect of Petitioner's argument (*see* Lodgment No. 4, ECF No. 13-4), namely, "whether Proposition 47's definition of 'unreasonable risk of danger to public safety' (§ 1170.18, subd. (c)) applies to resentencing proceedings under Proposition 36" and "whether, if Proposition 47's definition of unreasonable risk of danger to public safety applies to resentencing proceedings under the Three Strikes Reform Act, does the definition apply retroactively to Proposition 36 resentencing petitions that a court has already denied but are not yet final on appeal." *People v. Valencia*, 3 Cal. 5th 347, 351-52 (Cal. 2017).  On November 29, 2017, after that issues were resolved, the California Supreme Court dismissed the petition for review in an order that stated in full: "The above-entitled matter, which was granted and held for *People v. Valencia* (2017) 3 Cal.5th 347, is dismissed." (*See* Lodgment No. 5, ECF No. 13-5); (*see also* ECF No. 17 at 3.)

4

On July 31, 2018, Petitioner filed a FAP in this Court, raising six claims for relief, including the previously-raised allegations that the trial court abused its discretion and violated federal due process in finding he would present an unreasonable risk to public safety in its denial of his resentencing petition and that he has a federal constitutional right to the benefit of the Proposition 47 definition of unreasonable risk to public safety.  (*See* ECF No. 5.)  After the filing of and briefing on a motion to dismiss, on July 8, 2019, the assigned Magistrate Judge issued a Report and Recommendation for Order denying the motion to dismiss, concluding the FAP was a mixed petition, in that Claim One was exhausted and Claims Two though Six were unexhausted, and recommending issuance of an options order instead of dismissal. (ECF No. 17.)  On August 16, 2019, the Court issued an Order adopting the Report and Recommendation, denying the motion to dismiss without prejudice, and construing Petitioner's August 7, 2019 "Notice to Withdraw Pending Completion of Unexhausted Claims, But Remain in Federal Court Pending Completion," as a motion to stay.  (ECF No. 22, citing ECF No. 21.)  Thereafter, on March 26, 2020, Petitioner filed a Motion to Voluntarily Dismiss Unexhausted Claims and on April 1, 2020, the Court granted Petitioner's motion, dismissing all but Claim One from the FAP.  (ECF Nos. 29, 30.)  On May 13, 2020, Respondent filed an Answer to the FAP and lodged portions of the state court record.  (ECF Nos. 32, 33.)  On July 14, 2020, Petitioner filed a Traverse.  (ECF No. 36.)

## II.   FACTUAL BACKGROUND

The following facts are taken from the state appellate court opinion affirming the denial of Petitioner's petition to recall his sentence and resentence him pursuant to Cal. Penal Code § 1170.126 in *People v. Bates*, D065983 (Cal. Ct. App. July 15, 2016).  (*See* Lodgment No. 2, ECF No. 13-2.)   The state court factual findings are presumptively reasonable and entitled to deference in these proceedings.  *See Sumner v. Mata*, 449 U.S. 539, 545-47 (1981).

In 2005, at the time of the offense for which Bates is currently incarcerated, Bates was in a relationship with Noemi Zermano. Bates and

Zermano had an argument, and Zermano told Bates to stay away from their shared apartment. Zermano was afraid of Bates, and she had a friend stay with her. Bates came back to the apartment, entered through a window, and chased Zermano. Bates caught Zermano, who held on to a fence to try anchor [*sic*] herself. Bates grabbed Zermano by the neck and pulled her away from the fence, breaking her little finger. Bates then dragged Zermano through a courtyard. When she struggled, Bates threw Zermano over his shoulder and slammed her head onto the concrete pavement. She lost consciousness. Bates continued to drag Zermano, causing a large abrasion to her left side. In a rear parking lot, Bates strangled Zermano. She lost consciousness again. When Zermano awoke, Bates continued to have his arm around her neck. A neighbor attempted to calm Bates down, but he did not release Zermano until police arrived. The police arrested Bates, and paramedics took Zermano to the hospital. Bates was charged with one count of corporal injury to a cohabitant resulting in a traumatic condition (§ 273.5, subd. (a)) and two counts of false imprisonment by violence, menace, fraud or deceit (§§ 236, 237, subd. (a)).[3]

> [FN3] The facts in this paragraph are largely drawn from the probation report for Bates's offense.

The prosecution alleged that Bates had suffered two strike priors under section 667, subdivisions (b) through (i), and two prison priors under section 667.5, subdivision (b). These prior offenses occurred in 1996 and 2000. For the first strike and prison prior, Bates was convicted of kidnapping (§ 207, subd. (a)) and sentenced to five years in prison. Bates grabbed a former girlfriend, Jaime Lucero, while she attended a friend's barbeque. Bates punched Lucero several times and dragged her to a waiting car. Bates told Lucero "'you are going to die today bitch.'" Bates drove Lucero to his grandfather's house, where Bates again threatened Lucero. Several hours later, Lucero was able to make a clandestine telephone call to police, who rescued her. For the second strike and prison prior, Bates was convicted of making a criminal threat (§ 422) and sentenced to four years in prison. Bates went to the workplace of his then-girlfriend, Leticia Contreras, and accused Contreras of having sex with her boss. Bates chased Contreras, who was pregnant at the time, and grabbed her. Bates pounded Contreras's head into a bulletproof glass window three times. When Contreras's boss attempted to call the police, Bates acted as if he had a gun and told Contreras and her boss he would kill them. Contreras's father arrived, and Bates dragged Contreras to the back of the building. Bates became distracted, and Contreras escaped.[4]

> [FN4] The facts in this paragraph are largely drawn from the prosecution's opposition to Bates's petition for recall and resentencing in the trial court.

Bates initially pleaded guilty to the 2005 charges based on the trial court's indicated sentence of 12 years eight months' imprisonment. Upon further review, however, the trial court determined it could not dismiss Bates's strike priors and effectuate the indicated sentence. The trial court allowed Bates to withdraw his plea. After further negotiations, Bates pled guilty to one count of corporal injury to a cohabitant resulting in a traumatic condition (§ 273.5, subd. (a)), admitted suffering the two strike priors discussed above, and stipulated to a sentence of 25 years to life imprisonment. The trial court sentenced Bates accordingly.

Following the adoption of Proposition 36, Bates petitioned to recall his sentence and for resentencing. Bates argued he was eligible for resentencing under section 1170.126, subdivision (e), and resentencing would not pose an unreasonable risk of danger to public safety under subdivision (f) of that section. Bates contended his adult criminal history was "relatively short." In addition to the current offense and the two strikes discussed above, Bates had been convicted of misdemeanor interference with telephone lines and sentenced to 45 days in jail. (§ 591.) In that incident, Bates and Lucero (who was then Bates's girlfriend) began to argue. Bates threw a ketchup bottle at her. When Lucero attempted to call her mother, Bates pulled the telephone cord out of the wall and headbutted her.[5]

> [FN5] Bates also had a number of juvenile adjudications, including disturbing the peace, false identification to a police officer, and violating curfew and probation.

In his petition, Bates argued that his disciplinary record while incarcerated had been that of an "average" inmate. Bates had been involved in several fights and had been found with a makeshift weapon in his cell. However, Bates had been discipline-free for two years. He had received several laudatory chronos from corrections officers during that time. His California Static Risk Assessment for potential reoffense was "low." Bates also had completed a number of educational, religious, substance abuse and anger management courses. Bates had been conditionally accepted to a number of post-incarceration housing programs and had several conditional job offers.

Bates submitted a psychological evaluation prepared by Clark R. Clipson, Ph.D. Clipson reviewed Bates's criminal and disciplinary records, analyzed the results of several intelligence and personality tests, and performed a clinical interview of Bates. Clipson diagnosed Bates with stimulant use disorder, alcohol use disorder, and personality disorder. After

reviewing Bates's risk factors, Clipson concluded that Bates had a "low-moderate" risk of committing a violent offense in the future.

The district attorney opposed Bates's petition. The district attorney conceded Bates was eligible for resentencing, but argued that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subds. (e), (f).) The district attorney pointed to the violence of Bates's crimes and his continued violent record while in prison. For example, from 2006 through 2011, Bates was found guilty of possessing an inmate-manufactured weapon, participating in a race riot requiring use of force, battery on an inmate without a weapon requiring the use of force, refusing to obey lawful orders which resulted in cell extraction without force, and fighting (three times).

At the hearing on Bates's petition, the court heard argument from counsel. The court explained, "I want to make it clear that after a complete review of this record, I am well aware that I'm not making a decision solely based upon the historical figure (Gilbert) Bates as he existed at the time of the sentencing. It is Gilbert Bates who at the time of sentencing represented a certain risk to society and then the Gilbert Bates now as understood better through his behavior in the institution, through the efforts that he has made to rehabilitate himself and the Gilbert Bates as presented in the psychological evaluation that has been presented to me. (¶) This is not a case that I have decided lightly. I read this several times, and I have listened carefully to the arguments so as to hopefully put my understanding of what I read into a proper context."

The court found that resentencing Bates would pose an unreasonable risk of danger to public safety under section 1170.126, subdivision (f), and denied Bates's petition.

(Lodgment No. 2, ECF No. 13-2 at 3-7.)

## III.   **DISCUSSION**

In the sole claim remaining in the FAP, Petitioner contends the trial court abused its discretion and violated federal due process in finding he would present an unreasonable risk to public safety in its denial of his resentencing petition and he has a federal constitutional right to the benefit of the Proposition 47 definition of unreasonable risk to public safety. (ECF No. 5.)  Respondent maintains habeas relief is unavailable because (1) Petitioner's claim fails to present a cognizable federal question and (2) even if it presents a federal question, the state court decision is objectively reasonable. (ECF No. 32 at 2.)

### A.    <u>Standard of Review</u>

This petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  28 U.S.C. § 2254(d).  Pursuant to AEDPA, a state prisoner is not entitled to federal habeas relief on a claim that the state court adjudicated on the merits, unless it: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011), quoting 28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*; *Bruce v. Terhune*, 376 F.3d 950, 953 (9th Cir. 2004).  With respect to section 2254(d)(2), "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable– a substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007), citing *Williams*, 529 U.S. at 410.  "State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'"  *Rice v. Collins*, 546 U.S. 333, 338-39 (2006), quoting 28 U.S.C. § 2254(e)(1).

 "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Richter*, 562 U.S. at 101, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation

of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Richter*, 562 U.S. at 102.

In a federal habeas action, "[t]he petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam). However, "[p]risoner pro se pleadings are given the benefit of liberal construction." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### B.  <u>Claim One</u>

Petitioner contends that the trial court abused its discretion and violated federal due process in finding he would present an unreasonable risk to public safety in its denial of his resentencing petition. (*See e.g.* ECF No. 5 at 38, citing U.S. Const. Amends. V, VI, X, XIV, *Richmond v. Lewis*, 506 U.S. 40, 50 (1992), *Hicks v. Oklahoma*, 447 U.S. 343 (1980), and *Jackson v. Virginia*, 433 U.S. 307 (1979).) Petitioner also contends he has a federal constitutional right to the benefit of the Proposition 47 definition of unreasonable risk to public safety. (ECF No. 5 at 67, citing *Calder v. Bull*, 3 U.S. 385, 386, 390 (1798) and *Richmond*, 506 U.S. at 50.) Respondent contends that "[t]his claim is not cognizable on federal habeas corpus because it concerns only the state court's application of state law," and that "[e]ven if it were cognizable, the California Court of Appeal reasonably rejected Bates's claim on direct appeal." (ECF No. 32-1 at 4.) In the Traverse, Petitioner maintains that the claim is cognizable on federal review because the state court rejection of the claim was unreasonable and violated his federal due process rights and because the trial court decision involved the application of the wrong standard of review. (ECF No. 36 at 3-6.) Petitioner requests an evidentiary hearing. (*Id.* at 5; *see also* ECF No. 5 at 12.)

Again, Petitioner raised these arguments in his petition for review in the California Supreme Court, which was ultimately dismissed by that court in an order that stated in full: "The above-entitled matter, which was granted and held for *People v. Valencia* (2017) 3 Cal.5th 347, is dismissed." (Lodgment Nos. 3, 5, ECF Nos. 13-3, 13-5.) With respect to

Petitioner's assertion that he has a right to the benefit of the Proposition 47 definition of unreasonable risk to public safety, the state court specifically rejected his argument.

As noted above, the state supreme court had initially granted review and deferred further action pending the outcome of two related cases concerning the Proposition 47 aspect of Petitioner's argument, specifically, "whether Proposition 47's definition of 'unreasonable risk of danger to public safety' (§ 1170.18, subd. (c)) applies to resentencing proceedings under Proposition 36" and "whether, if Proposition 47's definition of unreasonable risk of danger to public safety applies to resentencing proceedings under the Three Strikes Reform Act, does the definition apply retroactively to Proposition 36 resentencing petitions that a court has already denied but are not yet final on appeal." The California Supreme Court concluded that "Proposition 47 did not amend the Three Strikes Reform Act." *People v. Valencia*, 3 Cal. 5th 347, 351-52 (Cal. 2017). This Court is bound by the California Supreme Court's conclusion that Proposition 47 did not amend Proposition 36, and as such, the definition of unreasonable risk to public safety does not apply to his resentencing petition regardless of the procedural posture. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). In any event, because the determination as to whether Proposition 47 applies to his resentencing petition is a matter of state law application alone, this aspect of his argument is not cognizable on federal habeas review. *See McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

With respect to the Proposition 36 aspect of his argument, the California Supreme Court's denial was without explanation. The Supreme Court has repeatedly stated that a presumption exists "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Wilson v.*

*Sellers*, 584 U.S. ___, 138 S.Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.")   Given the lack of any record evidence or argument attempting to rebut this presumption, the Court will "look through" the California Supreme Court's summary denial to the reasoned opinion issued by the state appellate court with respect to the Proposition 36 aspect of Petitioner's argument. *See Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing.   We think that a presumption which gives them no effect- which simply 'looks through' them to the last reasoned decision- most nearly reflects the role they are ordinarily intended to play.") (footnote omitted).

After discussing the parameters of Proposition 36, the state appellate court rejected Petitioner's claim of error, reasoning as follows:

> Bates has not shown the trial court abused its discretion by denying Bates's petition on the grounds resentencing him would present an unreasonable risk of danger to public safety. Bates's crimes, primarily perpetrated against women with whom he had a relationship, involved willful and prolonged episodes of intense violence. Bates's current offense, from 2005, caused his victim to lose consciousness twice (from slamming her head into the pavement and from strangulation), to suffer a large abrasion on her left side (from dragging her through a concrete parking lot), and to break her little finger (from pulling her off a fence that she had grabbed to resist Bates's aggression). Bates's first strike, from 1996, involved kidnapping a former girlfriend, punching her multiple times, and telling her "'you are going to die today bitch.'" Bates's second strike, from 2000, also involved death threats, this time against Bates's then-current girlfriend. Bates went to her workplace, pounded the victim's head against a bulletproof glass window three times, and dragged her to the back of the building. The trial court was entitled to consider these crimes, and their viciousness, in determining whether resentencing Bates would present an unreasonable risk of danger to public safety. (§ 1170.126, subd. (g)(1).)

> The trial court was also entitled to consider Bates's mixed record in prison. (§ 1170.126, subd. (g)(2).) For much of his time in prison for the current offense, Bates repeatedly violated prison rules, including for violent acts of fighting and battery. From 2006 through 2011, Bates was found guilty of possessing an inmate-manufactured weapon, participating in a race riot requiring use of force, battery on an inmate without a weapon requiring the

12

use of force, refusing to obey lawful orders which resulted in cell extraction without force, and fighting (three times). While his last two years were discipline-free, and he had obtained several laudatory chronos and participated in rehabilitation, Bates's counsel in the trial court could only describe his disciplinary record in prison as that of an "average" inmate.

Proposition 36 vests the trial court with the discretion to determine whether resentencing Bates would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) Given the evidence we have discussed, the trial court did not act "'in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice'" when it found that resentencing Bates would pose such an unreasonable risk. (See *Rodrigues*, *supra*, 8 Cal.4th at p. 1124.) The court did not abuse its discretion by denying Bates's petition.

Bates criticizes the trial court for not stating reasons for its finding that resentencing Bates would pose an unreasonable risk. But Bates does not contend the statute at issue here, or any applicable rule of court, required a statement of reasons. We likewise see no such requirement. The Supreme Court's decision in *People v. Lock* (1981) 30 Cal.3d 454, 459, cited by Bates, is therefore inapposite.

Bates focuses on the report of his psychologist, who opined that Bates had a "low-moderate" risk of committing a violent offense in the future. Bates contends that the question on which his expert opined, Bates's risk of reoffense, was the same question the court was required to consider under section 1170.126, subdivision (f). The trial court, however, was not required to accept the opinion of Bates's expert. "The *fact finder* determines the facts, not the experts. Indeed, the fact finder may reject even 'a unanimity of expert opinion. "To hold otherwise would be in effect to substitute a trial by 'experts' for a trial by jury....'"'" (*In re Scott* (2003) 29 Cal.4th 783, 823.) The same principle applies here. The trial court, not Bates's expert, was vested with the discretion to determine whether Bates's resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) To find an abuse of discretion simply because the trial court gave little weight to Bates's expert's opinion would effectively eliminate the trial court's discretion. "Although experts may testify about their opinions, the fact finder decides what weight to give those opinions. This is especially important when the witnesses are not neutral court-appointed experts but experts hired by a party specifically seeking evidence supporting that party's position." (*In re Scott,* at p. 823.) Bates's contentions based on the prosecutor's comments are likewise unpersuasive because we review the trial court's order, not the prosecutor's stated reasons for opposing Bates's petition.

Bates also points to evidence of his rehabilitation, including insight into his crimes, while in prison. But, as we have discussed, the trial court was entitled to weigh this evidence against other factors bearing on the risk of danger to public safety in resentencing Bates, including the facts of his prior crimes and his disciplinary history in prison. (§ 1170.126, subd. (g); see *Garcia*, *supra*, 230 Cal.App.4th at p. 769.) The trial court did not act in an arbitrary and capricious manner by "rejecting" Bates's evidence of rehabilitation (or his expert's evidence), as Bates contends. The court was entitled to give this evidence the weight it saw fit.[6] Similarly, the trial court was not required to credit Bates's interpretation of his prison disciplinary history which, in his view, demonstrated that Bates was targeted for violence for various reasons and was not predominantly the aggressor. In light of all the evidence, including the evidence cited by Bates, the trial court's finding that resentencing Bates would present an unreasonable risk of danger to public safety was reasonable. The trial court did not abuse its discretion by denying Bates's petition.

> [FN6] We likewise disagree with Bates's contention that the trial court's order rests solely on "static" evidence concerning the nature of Bates's crimes. Additional evidence supported the order, as we have discussed, including Bates's disciplinary history while in prison. Similarly, we disagree with Bates's argument on reply that the Attorney General has tacitly conceded the court abused its discretion because the Attorney General did not address Bates's evidence of rehabilitation. In her opposition, the Attorney General set forth the evidence Bates contended supported his petition. The Attorney General then addressed Bates's argument that evidence of his rehabilitation demonstrated his resentencing would not present an unreasonable risk of danger to public safety. We perceive no concession by the Attorney General.

(Lodgment No. 2, ECF No. 13-2 at 9-13.)

As an initial matter, to the extent Petitioner simply challenges the correctness of the state court's determination and conclusion that while he was eligible for consideration under Proposition 36, resentencing Petitioner would pose an unreasonable risk of danger to public safety (*see e.g.* ECF No. 5 at 7-8), this argument is not cognizable on federal review because it is based exclusively on the interpretation of state law. *See McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions."); *see also Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("[V]iolations of state law are not cognizable on federal habeas review.") Moreover, federal habeas challenges to California resentencing decisions under Proposition 36 have been generally rejected by California district courts as not cognizable. *See e.g. Olivarez v. Lizarraga*, 2015 WL 521431, at *3 (E.D. Cal. Feb. 9, 2015) (collecting cases) ("It is noted that no federal court addressing this issue has found federal challenges to the Three Strikes Reform Act cognizable in federal habeas."); *Saunders v. Rackley*, 2016 WL 11432246, at *4 (S.D. Cal. Dec. 12, 2016) ("A state court's application of its own sentencing laws, such as the application of Proposition 36 in [Petitioner's] case, does not generally present a federal constitutional question.")  The Court must also defer to the state court's decision that under state law the trial court can consider and accord its own weight to Petitioner's prison record, his prior convictions and the opinion of the expert proffered on Petitioner's behalf, rather than accepting Petitioner's assertions as to the weight or significance to be accorded those factors.  *See Bradshaw*, 546 U.S. at 76 ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), citing *McGuire*, 502 U.S. at 67-68 and *Mullaney*, 421 U.S. at 691.

Petitioner's contention that the trial court erred in denying his petition by applying the wrong standard is similarly untenable.  Petitioner asserts that "[s]ection 1170.126 is one of a beyond a reasonable doubt, rather than a preponderance standard."  (ECF No. 36 at 4, citing *People v. Frierson*, 4 Cal. 5th 225, 236 (Cal. 2017) and *People v. Superior Court (Kaulick)*, 215 Cal. App. 4th 1279, 1303 (Cal. Ct. App. 2013).)  However, in *Frierson*, the California Supreme Court articulated that while the reasonable doubt standard applied to the eligibility determination, the trial court had "broader discretion" to deny a petition in the case of a defendant who posed an unreasonable danger to public safety.  *See Frierson*, 4 Cal. 5th at 239-40 ("Applying a reasonable doubt standard to proof of ineligibility for resentencing preserves the parallel structure between the prospective and retroactive application of the Three Strikes law as contemplated by the Reform Act.

15

Simultaneously, the trial court's discretion to deny resentencing to a defendant who poses an unreasonable danger to the public acts as a safeguard in cases where the record does not establish ineligibility criteria beyond a reasonable doubt. . . Placing on the People a burden of proof beyond a reasonable doubt to establish ineligibility for resentencing, while permitting the court to exercise its broader discretion to protect public safety, is an approach that comports with the overall structure and language of the Act and its dual intent.") (footnote omitted.)

In this case, the trial court acknowledged Petitioner was eligible for resentencing under Proposition 36.  (Lodgment No. 11, ECF No. 33-11 at 3) ("I am familiar that, given the nature of the charges and his background, he is statutorily eligible for the relief in question.")  The prosecution conceded that Petitioner was eligible for resentencing but filed an opposition to Petitioner's petition based on a risk to public safety.  (*See* Lodgment No. 10, ECF No. 33-6 at 43) ("The People believe Defendant is *eligible* to be resentenced as a two-strike offender subject to post-release community supervision.  However, in this instance, the People oppose the defendant's re-sentencing as a two-strike offender because he remains an unreasonable risk of danger to public safety.") (emphasis in original.)  Given the consensus that Petitioner was statutorily eligible, the only issue to be decided by the trial court was whether Petitioner posed an unreasonable risk of danger to public safety, to which the state court indicated "the standard of proof for the prosecution to prove that resentencing a petitioner under Proposition 36 would pose an unreasonable risk of danger to public safety is preponderance of the evidence."  (Lodgment No. 2, ECF No. 13-2 at 9.)  As noted above, this Court is bound by the state court's decision on this state law matter.  *See Bradshaw*, 546 U.S. at 76, citing *McGuire*, 502 U.S. at 67-68 and *Mullaney*, 421 U.S. at 691.

Yet, as noted above, Petitioner also contends that the trial court's decision violated his federal due process rights, a contention which is cognizable on federal habeas review.  However, upon review, this claim of error does not merit habeas relief because he fails to show the state court decision was "so arbitrary or capricious" that it "constitute[d] an

independent due process . . . violation." *See Richmond*, 506 U.S. at 50 ("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentencer committed state-law error," but instead, whether the state court decision was "'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'"), quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1994); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")  As outlined by the state appellate court:

> Proposition 36 provides that if a petitioner is eligible for resentencing, 'the petitioner shall be resentenced ... unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).) 'In exercising its discretion in subdivision (f), the court may consider: (¶) (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; (¶) (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and (¶) (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (g); see *People v. Brown* (2014) 230 Cal.App.4th 1502, 1510.)

(Lodgment No. 2, ECF No. 13-2 at 8.)

At the outset of the hearing and prior to hearing arguments from counsel, the trial court indicated he had reviewed the filings in support and opposition of the petition, including submitted documents and evidence, and stated:

> Now, to make the record clear, I have looked at all of this material carefully trying to get a handle on the criminal conviction history, what really the past was all about with this individual, including the types of crimes that he has committed, the way in which he has injured persons in the past, the resulting commitments to custody, probation and prison in the past.  I have taken into account how old this record is and what it really consists of.

> Then I have tried to assess what he is like now by looking at the forensic record and looking at his disciplinary record and his efforts at rehabilitation while incarcerated.

> In terms of whether or not he is an unreasonable risk of danger to public safety, I think the main concern is who Gilbert Bates is now, what he has been in the past, is he any different from what he has been in the past and the pension [*sic*] for him to hurt people, especially those with whom they have had the misfortune of having an intimate relationship with him.
>
> I think we also need to look at who he is as he presents himself by his behavior in the state prison. I have great concerns.

(Lodgment No. 11, ECF No. 33-11 at 5-6.) After hearing arguments from counsel, the trial court rendered the following conclusion and ruling:

> I want to make it clear that after a complete review of this record, I am well aware that I'm not making a decision solely based upon the historical figure Edward [*sic*] Bates as he existed at the time of the sentencing. It is Gilbert Bates who at the time of sentencing represented a certain risk to society and then the Gilbert Bates now as understood better through his behavior in the institution, through the efforts that he has made to rehabilitate himself and the Gilbert Bates as presented in the psychological evaluation that has been presented to me.
>
> This is not a case that I have decided lightly. I read this several times, and I have listened carefully to the arguments so as to hopefully put my understanding of what I read into a proper context.
>
> There is no question that resentencing this petitioner would present a risk of danger to public safety. The question is whether that risk is unreasonable, and on behalf of this community, I have determined that it is unreasonable. The petition is denied. He is remanded back to the custody of the sheriff for delivery back to the Department of Corrections to resume completion of his sentence previously imposed.

(*Id.* at 15-16.)

It is apparent the court reviewed Petitioner's record and history, as directed under Cal. Penal Code § 1170.126(g). It is also clear that Petitioner's criminal and prison history raised serious concerns about a risk of danger upon release, particularly given Petitioner's lengthy history of violence against women with whom he had relationships and his numerous rules violations, some quite recent, involving fighting, rioting or other violence while incarcerated. (*See e.g.* Lodgment No. 10, ECF No. 33-6 at 43-47.) The state appellate court reasonably rejected Petitioner's claim of error, concluding:

The trial court did not act in an arbitrary and capricious manner by "rejecting" Bates's evidence of rehabilitation (or his expert's evidence), as Bates contends. The court was entitled to give this evidence the weight it saw fit. Similarly, the trial court was not required to credit Bates's interpretation of his prison disciplinary history which, in his view, demonstrated that Bates was targeted for violence for various reasons and was not predominantly the aggressor. In light of all the evidence, including the evidence cited by Bates, the trial court's finding that resentencing Bates would present an unreasonable risk of danger to public safety was reasonable. The trial court did not abuse its discretion by denying Bates's petition.

(Lodgment No. 2, ECF No. 13-2 at 12-13) (footnote omitted.)

While Petitioner submitted a neuropsychological evaluation and report opining that Petitioner presented a "low-moderate risk to commit a future violent offense," (*see* Lodgment No. 10, ECF No. 33-7 at 49), in view of Petitioner's lengthy criminal and institutional history of violence, the assessment of the state court that the trial court's decision did not involve an abuse of discretion was not objectively unreasonable. Instead, the state court sensibly concluded: "To find an abuse of discretion simply because the trial court gave little weight to Bates's expert's opinion would effectively eliminate the trial court's discretion." (Lodgment No. 2, ECF No. 13-2 at 12.) On this record, Petitioner fails to demonstrate that it was "arbitrary or capricious" for the state court to reject Petitioner's contentions or that the state court decision was fundamentally unfair. *See Richmond*, 506 U.S. at 50, quoting *Lewis*, 497 U.S. at 780; *see also Christian*, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

In the Traverse, Petitioner also asserts but fails to show that his federal due process rights were violated based on a liberty interest in resentencing arising from Proposition 36. (*See* ECF No. 36 at 4) ("Liberty interest may arise from the Due Process Clause itself or from state law.") The Supreme Court has held that "a person's liberty is equally protected, even when the liberty itself is a statutory creation of the State." *Wolff v. McDonell*, 418 U.S. 539, 558 (1974); *see also Hicks*, 447 U.S. at 346 ("[A]n arbitrary disregard of the

petitioner's right to liberty is a denial of due process of law.")  The Ninth Circuit has indicated that "[i]n order to create a liberty interest protected by due process, the state law must contain: (1) 'substantive predicates' governing official decisionmaking, and (2) 'explicitly mandatory language' specifying the outcome that must be reached if the substantive predicates have been met."  *Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995), quoting *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462-63 (1989); *see also Miller v. Oregon Bd. Of Parole and Post Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures.")  In *Miller*, the Ninth Circuit recognized that: "A state parole statute establishes a protected liberty interest in parole when it uses language that creates a presumption that the prisoner will be paroled if certain conditions are satisfied."  *Miller*, 642 F.3d at 714.  However, the Court remains unpersuaded that any such liberty interest was created in this instance, as California courts have firmly rejected arguments contending that resentencing under Proposition 36 is presumptive, much less mandatory.  *See e.g. People v. Perez*, 4 Cal. 5th 1055, 1064 (Cal. 2018) ("By its terms, the statute does not create an entitlement to resentencing; the finding of a fact that renders a petitioner ineligible for resentencing deprives him or her of an opportunity to have the trial court make a discretionary determination as to whether he or she should be resentenced."); *see also People v. Buford*, 4 Cal. App. 5th 886, 903 (Cal. Ct. App. 2016) ("[A] conclusion resentencing to a second strike term is a generally mandatory presumption from which courts can depart only in extraordinary cases, as defendant asserts, would run directly contrary to the intent of the voters in passing the Act.")

Nor does Petitioner demonstrate that the state court conclusion was based on an unreasonable factual determination.  As noted above, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable– a substantially higher threshold."  *Schriro*, 550 U.S. at 473, citing *Williams*, 529 U.S. at 410.  Again, as the state court correctly observed, the

expert opinion was one of several factors the trial court was entitled to weigh in its exercise of discretion in determining whether resentencing was appropriate.  (*See* Lodgment No. 2, ECF No. 13-2 at 12) ("Bates also points to evidence of his rehabilitation, including insight into his crimes, while in prison. But, as we have discussed, the trial court was entitled to weigh this evidence against other factors bearing on the risk of danger to public safety in resentencing Bates, including the facts of his prior crimes and his disciplinary history in prison. (§ 1170.126, subd. (g); see *Garcia*, *supra*, 230 Cal.App.4th at p. 769.)")  Petitioner fails to persuasively show that the state court's factual determination was incorrect, much less unreasonable, simply because he disagrees with the weight both the trial court and the state appellate court accorded to an expert opinion that he presented a "low-moderate risk to commit a future violent offense."  (*See* Lodgment No. 10, ECF No. 33-7 at 49); *see also Rice*, 546 U.S. at 338-39 ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'"), quoting 28 U.S.C. § 2254(e)(1).

Upon review, Petitioner fails to show the state court rejection of his claim was either contrary to, or an unreasonable application of, clearly established federal law, nor has he shown the state court decision was based on an unreasonable factual determination.  *See* 28 U.S.C. § 2254(d)(1)-(2); *see also Richter*, 562 U.S. at 97-98.  Accordingly, Petitioner fails to show an entitlement to habeas relief on Claim One.  An evidentiary hearing is not warranted on this claim.  *See Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("[A]n evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.")

### C.   <u>Certificate of Appealability</u>

"A certificate of appealability should issue if 'reasonable jurists could debate whether' (1) the district court's assessment of the claim was debatable or wrong; or (2) the issue presented is 'adequate to deserve encouragement to proceed further.'" *Shoemaker v. Taylor*, 730 F.3d 778, 790 (9th Cir. 2013), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The standard required for granting a COA is "relatively low" or "modest." *See*

*e.g. Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002), *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002), quoting *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000).  Upon review, the Court finds that a Certificate of Appealability is not merited in this case because the arguments presented in this habeas action neither deserve encouragement to proceed further nor has Petitioner demonstrated that jurists of reason could find the resolution of Petitioner's contentions debatable or wrong.

## IV.  CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** the First Amended Petition for a Writ of Habeas Corpus [ECF No. 5], **DENIES** Petitioner's request for an evidentiary hearing and **DENIES** Petitioner's request for a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: August 21, 2020

HON. MICHAEL M. ANELLO
United States District Judge

22

18cv1563 MMA (AHG)